# IN THE SUPERIOR COURT OF GUAM

CATHERINE ADELE LAM,

                Plaintiff,

        vs.

ALFRED KAM YUNG LAM,

            Defendant.

) **DOMESTIC CASE NO. DM359-02**
)
)
) **DECISION AND ORDER**
)
) **Plaintiff's Motion for Judgment on**
) **Attorney's Fees**
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 22, 2014 on Catherine Adele Lam's ("Plaintiff") Motion for Judgment on Attorney's Fees. Plaintiff is represented by Joaquin C. Arriola, Jr., Esq. Alfred Kam Yung Lam ("Defendant") is represented by Michael J. Berman, Esq. Following the hearing, the Court took the matter under advisement pursuant to CVR 7.1 (e)(6)(D) of the Local Rules of the Superior Court of Guam. Upon review of the written arguments and legal authorities presented by the parties, the Court issues this Decision and Order **DENYING** Plaintiff's motion.

## BACKGROUND

The Court incorporates background information from its January 13, 2014 Decision and Order. In relevant part, Plaintiff and Defendant signed a Marital Settlement Agreement on May

23, 2003, following Plaintiff's complaint for divorce on June 11, 2002. The terms and conditions for complete disposition of the community and separate property and debts as well as conditions for spousal support are spelled out in the Marital Settlement Agreement. On May 8, 2013, Defendant filed a Motion to Modify Spousal Support. The Court denied Defendant's motion on January 13, 2014.

On January 30, 2014, Defendant filed Notice of Appeal. Months later, on April 10, 2014, Plaintiff moves the Court to enter judgment on attorney's fees pursuant to the provision for such contained in the Marital Settlement Agreement. Defendant opposes the motion. The Court heard the matter on July 22, 2014.

## DISCUSSION

Plaintiff argues that she is entitled to an award of her attorney's fees for prevailing in opposing Defendant's motion for elimination or modification of spousal support. *Pl's Mot. for Judgment on Attorney's Fees* at 2 (Apr. 10, 2014). Specifically, Plaintiff cites to this Court's recent Decision and Order issued on January 13, 2014, denying Defendant's Motion for Elimination or Modification of Spousal Support. *Id.*

Defendant opposes Plaintiff's motion. Defendant argues that Plaintiff's motion was untimely filed. *Def's. Opp'n Mot.* at 2 (May 8, 2014). Defendant also contends that this Court lacks jurisdiction over the motion, as it would be divested of jurisdiction once a Notice of Appeal is filed. *Id.* at 4. Lastly, Defendant argues that "because the case is on appeal and may be reversed[,] it is premature to request attorney's fees." *Id.* at 5.

The controlling provision set forth in the Marital Settlement Agreement signed by the parties relative to attorney's fees reads:

///

20. **ATTORNEY FEES IN ACTION TO ENFORCE OR MODIFY AGREEMENT.** The prevailing party in any action or proceeding to enforce or modify any provision of this Agreement, or any corresponding provision of a subsequent judgment into which the provision is merged, will be awarded reasonable attorney fees and costs. For the moving party to be deemed the prevailing party for purposes of this provision, at least ten days before the filing of any motion he or she must provide written notice to the other party specifying the alleged breach or default, if capable of being cured, or the modification being requested. The other party must then be allowed to avoid implementation of this provision by curing the breach or default specified executing an Agreement for the modification requested during the ten-day period.

"In construing what various terms in a contract mean, the task of the court is to discern and give legal effect to the intent of the parties at the time of contracting." *Wasson v. Berg*, 2007 Guam 16 ¶ 10. In review of the language contemplated by the parties in the Marital Settlement Agreement, the Court finds that Plaintiff is entitled to attorney's fees. Plaintiff has prevailed after Defendant's Motion to Modify Spousal Support was denied. However, the Court recognizes that its January 13, 2014 is currently on appeal to the Supreme Court of Guam. "While there are some matters over which the trial court may still exercise jurisdiction after a notice of appeal is filed, those instances are limited. *See United States v. Quintero*, 572 F.3d 351, 353 (7th Cir. 2009). The Court also recognizes that, in certain cases, the trial court may entertain and deny a motion, but if it intends to grant it, it must certify to the Supreme Court and the movant shall then file a motion for a remand to allow the court to grant the motion. *See* Guam R. App. P. 4(b)(5).

Because the instant case is currently before the Supreme Court of Guam, this Court finds that the prevailing party could change. Accordingly, the Court in exercising judicial efficiency and economy DENIES Plaintiff's motion at this time pending disposition of Defendant's appeal.

/ / /

/ / /

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Judgment on Attorney's Fees.

**SO ORDERED** this 2 day of SEPTEMBER, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Arriola; Berman

Date: 9/2/14  Time: 2pm

Deputy Clerk, Superior Court of Guam